Borrero, Plaintiff and Appellant, *v.* Ubarri, Defendant and Appellee.

Appeal from the District Court of Arecibo in an Action of Debt.

No. 3148.—Decided June 13, 1924.

Evidence—Appeal.—The decision of this case depending solely on the preponderance of the evidence and the evidence having been found sufficient to support the judgment, it must be affirmed although it should be concluded that some of the reasons given by the district court were erroneous.

The facts are stated in the opinion.
*Mr. U. Crespo, Jr.,* for the appellant.
*Mr. F. Rodríguez Alverio* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Florencio Borrero brought an action against Cesáreo Ubarri to recover the sum of $614.20, alleging that the defendant owed José Rodríguez, the owner of the commercial establishment of Buxeda & Rodríguez, the sum of $702.00 as the balance of an account liquidated on May 1, 1921;

that Rodríguez assigned his claim to the plaintiff for value received, notice of the assignment being given to the defendant, and that the defendant had made three payments amounting to $87.78, leaving unpaid the balance sued for which he had refused to pay notwithstanding the insistent demands made upon him to that effect.

In his answer the defendant admitted that he was in debt to Rodríguez, but denied that he owed him the sum claimed.  He denied the alleged assignment and notice.  He also denied having made payments to the plaintiff or that the plaintiff had demanded payment.  And as matter in opposition and defense he alleged that because of a certain attachment levied on his commercial establishment all of his creditors, among them Rodríguez, met and agreed to reduce their respective credits 75 per cent, his debt to Rodríguez being thus reduced to $175.57 which he agreed to pay in six monthly instalments, of which he had paid three amounting to $87.78.

After a trial the court finally rendered judgment dismissing the complaint.  The plaintiff appealed and assigns in his brief three errors that refer rather to the reasonings of the trial judge in his opinion than to the judgment itself.

After a careful examination of the record we think that the decision of this case depends entirely upon the weighing of the evidence.

The evidence for the plaintiff consisted of his own testimony and that of José Rodríguez.  That for the defendant consisted of the testimony of Rodríguez, of his own testimony and of three documents.

In testifying for the plaintiff Rodríguez said: That he conducted a hardware business in Arecibo; that he knew Cesáreo Ubarri with whom he had commercial relations, having opened with him a current account that was liquidated on May 21, 1921, as appeared from a book which he referred to but which was not offered in evidence, Ubarri being present at the liquidation; that it showed a balance

of $702 against Ubarri, which he agreed to pay; that there-
after he assigned his account to plaintiff Borrero and gave
notice of the assignment personally to Ubarri; that he
knew that Ubarri made three payments, the checks being
made payable to the witness, who endorsed them to Bo-
rrero; that Borrero cashed them; that he made no settle-
ment with Ubarri, and that he did not attend any meeting
of creditors.

Plaintiff Borrero testified as follows: That he was a
merchant; that Rodríguez assigned to him the account of
Ubarri; that he personally notified Ubarri, but the latter
refused to deal with him; that Ubarri made some pay-
ments, sending the checks directly to Rodríguez who en-
dorsed them to the witness, and that the witness cashed
them. On being cross-examined by the attorney for the
defendant as to how, where and when he had given notice
of the assignment he answered: "Verbally.—In front of
my store on one occasion and on another occasion I do not
remember where.—Nor do I remember the date."

José Rodríguez was called to testify for the defendant,
and asked to identify a certain letter that he had written
to Ubarri. He did so, but the judge refused to admit it in
evidence. He was shown three checks signed by Ubarri and
admitted having received them. The defendant offered them
in evidence. On cross-examination by the plaintiff he said
that the checks were endorsed by him to Borrero because
he had assigned the account to him.

The said checks are each for the same amount and were
drawn on July 8, August 17 and October 4, 1921. The first
one reads as follows:

"No. 74.—Arecibo, Porto Rico, July 8, 1921.—Commercial Bank
of Porto Rico.—Arecibo Branch.—Pay to the order of José Rodrí-
guez, twenty-nine 26/100 dollars.—(Signed) Cesáreo Ubarri.—$29.26.
(There is a stamp reading thus: Commercial Bank of Porto Rico,
Arecibo, P. R.—Paid, Jul 9 1921.) The following appears on the
back: (Signed) José Rodríguez.—F. Borrero Cordero.—Pay to the

order of the Commercial Bank of Porto Rico.—Banco Territorial y Agrícola of Porto Rico.—Arecibo, P. R., Jul. 9, 1921.—E. Alcaraz, Manager and Cashier.''

Finally Ubarri testified in his own behalf as follows: That he had never done business with plaintiff Borrero; that he had had commercial relations with Rodríguez; that he was never notified by Rodríguez of the assignment of his account; that he made all arrangements with Rodríguez who agreed to sell him the account for 25 per cent of its face value to be paid in six instalments; that all of his creditors held a meeting and signed a document, payment of the debts being secured by Laurito Estrella; that he received a letter from Rodríguez wherein he said that he needed money. The letter was shown him and he identified it. The adverse party admitted the authenticity of the document, but the court refused to admit it in evidence. The witness then testified that the letter said ''Please send me the $29 corresponding to the month of October.'' He insisted that there was an agreement by virtue of which his original debt was reduced to one-fourth and he agreed to pay it in six monthly instalments of $29.26, of which he had paid three.

The evidence of the plaintiff is weak. Although we do not agree with the trial court that written evidence is indispensable, it seems to be the most appropriate in cases of this kind. We can not comprehend why the book or the pertinent part thereof that Rodríguez referred to while testifying was not offered in evidence. If the plaintiff's evidence is examined in connection with that of the defendant, the conflict immediately arises on essential points. In our opinion it should be adjusted in favor of the defendant, because the checks drawn by him on the dates and for the amounts therein expressed, all in favor of Rodríguez, forcibly tip the balance in favor of the existence of the agreement alleged by the defendant and denied by the plaintiff. Other facts might also be mentioned.

This being so, the judgment appealed from must be affirmed, as it is supported by the pleadings and the evidence.

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.